(33 South. 792.)

No. 14,589.

STATE ex rel. ITEM CO., Limited, v. KING, Judge.*

(Feb. 2, 1903.)

INJUNCTION—MUNICIPAL CONTRACTS.

1. The writs applied for granted, for reasons assigned in matter of State ex rel. Henry Knollman et al. v. King, Judge, 33 South. 776, ante, p. 799.

Breaux, J., dissenting.

(Syllabus by the Court.)

Application by the state, on the relation of the Item Company, Limited, for writs of mandamus and prohibition to Fred D. King, judge of the civil district court for the parish of Orleans. Granted.

Saunders & Gurley, for relators. Respondent judge (Foster, Milling, Godchaux & Sanders, Thomas H. Thorpe, and Arthur McGuirk, Asst. City. Atty., of counsel), pro se.

NICHOLLS, C. J. The relators presented to the civil district court a petition seeking to enjoin the city of New Orleans from entering into a certain contract with one Herbert Ballard for the construction of an electric light plant within the city.

The grounds assigned in support of the prayer for an injunction are identical with those assigned in State ex rel. Henry Knollman v. Fred D. King, Judge (No. 14,586 of the docket of this court, which was recently decided in favor of the relators therein) 33 South. 776, ante, p. 799.

Under the order of the district court a rule nisi issued to show cause why the injunction should not be granted. On the trial of the rule the respondent judge rendered judgment refusing the injunction and discharging the rule.

The present application to this court followed, in which relators pray that, in the exercise of its supervisory powers, it issue writs of certiorari, mandamus, and prohibition ordering and compelling the judge of the civil district court for the parish of Orleans to send up a certified copy of all the proceedings had in the case complained of, and compelling him to grant relators an injunction directed against the city of New Orleans, William Mehle, the acting mayor of the said city, and Vital Tujague, comptroller of the said city, enjoining and restraining them and each of them from entering into any contracts with Herbert Ballard to carry out the ordinance calendar No. 1,802, passed August 8, 1902, or signing the same, or doing any act or thing or entering into any kind or sort of agreement or arrangement with said Herbert Ballard to carry into effect the bid of the said Herbert Ballard or the said Ordinance No. 1,802, and further prohibiting the said judge from proceeding further except as directed in the proceeding.

The district court answered, assigning reasons similar to those in the Matter of Henry Knollman et al., already referred to.

The issues herein being identical with those raised in that case, the judgment therein controls the judgment which we must render herein.

For the reasons assigned therein, it is hereby ordered, adjudged, and decreed that the writs issue as prayed for herein.

BREAUX, J., dissents for the reasons assigned by him in State ex rel. Knollman v. Hon. Fred. D. King, Judge (recently decided) 33 South. 776, ante, p. 799.